# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON H. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN CHARLES E. COREEN, et al.,<br><br>Defendants. | Civil Action No. 19-414 (MCA)<br><br><br>ORDER |

This matter has been opened to the Court by Plaintiff James H. Miller's filing of an Amended Complaint under 42 U.S.C. § 1983. The Court previously screened Plaintiff's Original Complaint for dismissal, proceeded the Complaint in part and dismissed it in part, and provided Plaintiff with leave to submit an Amended Complaint. Plaintiff submitted an Amended Complaint, which was docketed on April 8, 2019. (ECF No. 9.) Because it is not clear whether the Amended Complaint (ECF No. 9) is Plaintiff's all-inclusive Amended Complaint, the Court will provide Plaintiff with an opportunity to file a Second Amended Complaint prior to screening the Amended Complaint for dismissal.

In its prior screening Memorandum and Order, the Court construed Plaintiff's Complaint to raise claims under § 1983.[1] (ECF No. 1.) The Court determined that Plaintiff stated claims for failure to protect against John Doe Defendants 2, 3, and 4. The Court also determined that that Plaintiff stated a claim for inadequate medical care against John Doe Defendant 5, a supervisor, who allegedly failed to call for medical attention after Plaintiff was assaulted. The Court also dismissed without prejudice the Complaint as to Warden of Essex County Correctional Facility (also identified as Defendant 1) because Plaintiff failed to allege sufficient

---

[1] The Court did not construe the Complaint to raise any claims under state law.

1

facts to show that the Warden was personally involved in the alleged wrongs or that the County of Essex could be held liable for deficient policies under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, (1978). The Court permitted Plaintiff to submit an Amended Complaint to the extent he could cure the deficiencies in his claims against the Warden and/or the County of Essex. Finally, because the Plaintiff was proceeding pro se and the Defendants were John Does, the Court stated that it would authorize limited discovery pursuant to Fed. R. Civ. P. Rule 26(d) and permit Plaintiff to submit a proposed Rule 45 subpoena limited to discovering the identity of the John Doe Defendants. (*See* ECF No. 6.)

Plaintiff timely submitted an Amended Complaint. (ECF No. 9.) Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is cautioned, however, that the Amended Complaint <u>replaces</u> the original one. *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) (White, J., concurring in part and dissenting in part) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."). *See also Zrodskey v. Head Classification Officer*, Civ. A. No. 3:11cv00283, 2011 WL 5881813, *2 (D.N.J. Nov. 23, 2011) (citing *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002)) ("As a general matter, once an amended complaint is filed, that document replaces all prior complaints.").

Here, the Amended Complaint reasserts § 1983 claims from the Original Complaint and names additional John Doe Defendants. (*See* ECF No. 9, Complaint at ¶¶ 7-9, 14-16.)

Although Plaintiff has sued additional Defendants, there are fewer relevant facts in the Amended Complaint. Notably, unlike the Original Complaint, the Amended Complaint does not assert or provide facts suggesting that the Unknown Receiving and Discharge Officers (Defendants (5) and (6) in the Amended Complaint) acted with deliberate indifference in placing Plaintiff in Housing Dorm with rival gang members.[2] (*Id.* at ¶¶ 17-21.)

In light of Plaintiff's pro se status, the Court will direct Plaintiff to inform the Court as to whether ECF No. 9 is his all-inclusive Amended Complaint within 30 days of his receipt of this Order. To the extent it is not, he may submit an all-inclusive Second Amended Complaint within 30 days of his receipt of this Order. The Court will administratively terminate this action pending Plaintiff's response to the Court's Order. If Plaintiff fails to respond to the Court's Order within the timeframe provided, the Court will screen the Second Amended Complaint pursuant to 28 U.S.C. 1915(e)(2)(B), and claims that were previously proceeded by the Court may be subject to dismissal.

**IT IS, THEREFORE**, on this 28 day of Aug , 2019,

**ORDERED** that Plaintiff shall inform the Court in writing as to whether ECF No. 9 is his all-inclusive Amended Complaint within 30 days of his receipt of this Order; and it is further

---

[2] As explained in the original screening Opinion, under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1970) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To state a failure to protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. The inmate must also show that the prison official was deliberately indifferent to his health or safety. *Farmer*, 511 U.S. at 834. "Deliberate indifference" in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001.))

3

**ORDERED** that Plaintiff may submit an all-inclusive Second Amended Complaint within 30 days of his receipt of this Order; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action pending Plaintiff's response to the Court's Order; and it is further

**ORDERED** that if Plaintiff fails to respond to the Court's Order within the timeframe provided, the Court will reopen this matter and screen the Second Amended Complaint pursuant to 28 U.S.C. 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

Madeline Cox Arleo, District Judge
United States District Court